**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | )  2: 08-cr-00365-29 |
| v. | ) |
| | ) |
| **ROGER LARON UNDERWOOD** | ) |

**MEMORANDUM ORDER OF COURT**

Presently pending before the Court for disposition is the MOTION FOR RECONSIDERATION filed by Alonzo Burney, Esquire (Sealed Document No. 1831).

Attorney Burney requests that the Court reconsider its Memorandum Opinion and Order of Court entered June 21, 2012, in which the Court reduced his request for compensation for his criminal defense representation of Defendant Roger Laron Underwood for the time period from June 11, 2009 through December 20, 2010, from $39,622.50 to $9,700.00. Specifically, Attorney Burney asks the Court "to review payments authorized to co-counsel whose cases were overwhelming in similarity to the herein case upon consideration of the herein motion." Mot. at ¶ 10.

This case involved a Superseding Indictment which charged thirty-five (35) individuals with participation in a large-scale drug conspiracy. Of the thirty-five (35) defendants, twenty-nine (29) were represented by CJA- court appointed attorneys, with the remaining six (6) represented by privately retained attorneys. A review of the payments authorized to co-counsel further supports the Court's original decision that the amounts claimed by Attorney Burney are not reasonable. On average, the total payments to the twenty-eight (28) CJA-court appointed attorneys (other than Attorney Burney) amounted to $12,763.18, approximately $27,000.00 less than that requested by Attorney Burney for the time period from June 11, 2009 through

1

December 20, 2010. Further, when isolating only the payments authorized to the six (6) CJA-court appointed attorneys whose clients were scheduled to go to trial with Defendant Underwood in December 2010, the average total payments to those attorneys amounted to $17,977.50, approximately $21,645.00 less than that requested by Attorney Burney.

The Court notes that at the time its Memorandum Opinion of June 12, 2012, was filed, the Court was not in receipt of the CJA Form 20 voucher submitted by Attorney Burney for the time period from December 21, 2010 through March 28, 2011.[1] In this request, Attorney Burney seeks final payment in the additional amount of $5,100.00. The Court will approve this request, without reduction, and forward same to the United States Court of Appeals for the Third Circuit for further review and approval, as the total amount of this invoice combined with the previously approved interim amount of $9,700.00, exceeds the total maximum amount that can be approved by a district court. 18 U.S.C. § 3006A(d)(3). The Court notes that the requested amount of $5,100.00, plus the $9,700.00 previously approved, amounts to $14,800.00, well within the range of approved invoices for the six (6) CJA-court appointed attorneys who were scheduled to go to trial with Attorney Burney and his client in December 2010.

**AND NOW**, this 17th day of December, 2012, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that the MOTION FOR RECONSIDERATION is **DENIED IN PART AND GRANTED IN PART** as follows:

---

[1] The Finance Department received the invoice on May 25, 2011, but through no fault of Attorney Burney, the Finance Department apparently misplaced the invoice and it was never forwarded to the Court.

(1) The request to modify the Memorandum Order of June 12, 2012 is **DENIED** and Attorney Burney is awarded $9,700.00 for his services performed under the CJA for the time period from June 11, 2009 through December 20, 2010; and

(2) The request to approve CJA Form 20 dated May 24, 2011, in the requested amount of $5,100.00 is **GRANTED.** However, this invoice must be submitted to the United States Court of Appeals for the Third Circuit for further review and approval.

BY THE COURT;

s/ Terrence F. McVerry
Terrence F. McVerry
United States District Judge

cc: Alonzo Burney, Esquire
 Email: aburneysr@comcast.net